UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

CURTIS PHILLIP,

                         Petitioner,

     -against-

ARTIS, Superintendent,

                         Respondent.

------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CV-0455 (BMC)

COGAN, United States District Judge:

Petitioner Curtis Phillip, who is currently incarcerated in Clinton Correctional Facility pursuant to a judgment of conviction entered in King County, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

**Background**

Petitioner was convicted on July 2, 2002, pursuant to his guilty plea, in New York Supreme Court, Kings County. On April 22, 2005, he was sentenced to a term of incarceration of five years. He did not immediately appeal his conviction. He asserts that he sought leave to appeal to the Appellate Division, Second Department, on May 14, 2007 and again on August 6, 2007, but that the Appellate Division never responded. (Petition at 3; Exhibit "Pg. 6"; "Pg. 7.") Petitioner states that he filed a motion pursuant to New York Criminal Procedure Law § 440.10 with the Appellate Division on November 7, 2007, but he does not indicate the status of that petition. (Petition at 4.) The instant Petition, dated January 24, 2008, was received by the United States District Court for the Eastern District of New York on January 28, 2008.

**Discussion**

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. §2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002)

(quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition in this case suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred. Petitioner was convicted on April 22, 2005. He did not appeal the conviction within 30 days of entry of judgment. Accordingly, the judgment became final on May 23, 2005[1] when the time for seeking an appeal expired. See N.Y.Crim. P. L. § 460.10(1)(a). If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable

---

[1] Although the time for seeking an appeal is 30 days, the 30th day landed on a Sunday, so petitioner had until the following Monday, May 23, 2005, to file his notice of appeal.

to this case, petitioner had one year from that date, until May 23, 2006, to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By the time petitioner allegedly filed his state § 440.10 motion, on November 7, 2007, the statute of limitations had long since expired. Petitioner does not assert any excuse for his untimeliness that might serve as the basis for equitable tolling.

Petitioner is therefore directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[2] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. Petitioner shall include in his affirmation detailed allegations regarding the dates on which he filed any appeal or post-conviction motion and the current status of those actions or the dates on which they were decided. Petitioner shall append to his affirmation documentary evidence, if available, supporting his allegations concerning these dates. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

/Signed by Judge Brian M. Cogan/

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
February 25, 2008

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CURTIS PHILLIP,

               Petitioner,                  **PETITIONER'S AFFIRMATION**

     -against-                       08-CV-0455 (BMC)

ARTIS, Superintendent,

               Respondent.
--------------------------------------------------------x
STATE OF NEW YORK   }
                    } ss:
COUNTY OF _____ }


     I, CURTIS PHILLIP, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2008. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.      In view of the foregoing, it is respectfully submitted that the instant petition should be

permitted to proceed.

Dated: _____

                                        _____
                                        Signature

                                        _____
                                        Address

                                        _____

                                        _____
                                        City, State & ZIP