UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CURTIS PHILLIPS,

                    Petitioner,

    - against -

SUPERINTENDENT ARTIS,

                    Respondent.

------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

08-cv-0455 (BMC)(RER)

**COGAN**, District Judge.

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner *pro se* pled guilty to two counts of assault on July 2, 2002. Under his plea bargain agreement, he would have received probation or a conditional discharge if he had stuck to an inpatient drug treatment program, but he failed twice and therefore was sentenced to five years on April 22, 2005. (The five years was half the time contemplated by the plea agreement in the event he failed to complete the drug program.) Petitioner took no appeal. Sixteen months after his sentence, on August 25, 2006, he brought a N.Y. Crim.P. L. § 440.10 proceeding on various grounds that were rejected by the state courts. He filed the instant habeas petition on January 24, 2008, asserting the grounds he had raised in state court and other grounds that he had never raised in state court.

Because petitioner had waited more than one year before challenging his conviction or sentence in the state courts or this Court, this Court entered an Order to Show Cause requiring petitioner to demonstrate why equitable tolling might apply and why this proceeding should not be dismissed as untimely. It was then discovered that the

prison address listed by petitioner was invalid as the Order to Show Cause was returned as undeliverable, with no forwarding address.

The Court therefore ordered respondent to show cause why the petition should not be granted and to serve its return on petitioner. Respondent made inquiry and learned from the Department of Homeland Security that petitioner had been released from state custody and deported on April 15, 2008, leaving no forwarding address. Petitioner has not contacted the Court with any updated contact information. In addition, respondent has learned that in 1987, defendant, who was older than eighteen years old, was convicted of Criminal Sale of a Controlled Substance in the Fifth Degree, a class D felony (N.Y. Penal Law § 220.31), for which he was sentenced to an indeterminate term of two to four years in prison.

Under these circumstances, the petition must be dismissed for two reasons. First, it is moot. Although a petitioner's release from custody and deportation alone does not render a case moot, as there could be collateral consequences as a result of the challenged conviction, that is not the case here. Petitioner's 1987 felony drug conviction makes him ineligible for readmission to the United States, regardless of the validity of his current conviction. With petitioner out of custody and permanently barred from reentering this country, addressing the merits of his petition would be an empty gesture. See Guzman v. U.S., No. 05 Civ. 2691, 2007 WL 1821698 (S.D.N.Y. June 26, 2007) (citing cases).

Second, with petitioner having left no forwarding address, not receiving this Court's prior Orders, and having made no showing in his petition as to why he waited fifteen months after his conviction before bringing any challenge in state court and nearly three years before coming to this Court, there is no basis for equitable tolling of the one year

limitations period. See 28 U.S.C. § 2244(d)(1). Accordingly, even if the proceeding was not moot, it would be time-barred.

The petition is therefore dismissed. The Clerk is directed to enter final judgment.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
July 1, 2008

3